Case 8-26-71438-las    Doc 36    Filed 07/30/26    Entered 07/30/26 10:52:56

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:

Case No. 8-26-71438-las

Mark Fraser,

Chapter 13

Debtor.

--------------------------------------------------------------x

**MEMORANDUM ORDER**

I.      Introduction

Before the Court is the motion of Mark Fraser (the "Debtor") dated April 16, 2026 (the "Motion") [ECF No. 8], seeking an *ex parte* order (1) finding the lender and its agents willfully violated the automatic stay under 11 U.S.C. § 362(a);[1] (2) declaring the foreclosure sale conducted on April 15, 2026 of real property located 107 Barbara Ln, Levittown, NY 11756 to be null and void; (3) imposing sanctions pursuant to section 362(k); and (4) enjoining any transfer, enforcement or eviction actions. Bank of America, N.A. ("Bank of America") filed opposition to the Motion ("Opposition"). [ECF No. 21.] The Debtor filed a reply ("Reply"). [ECF No. 23.] The Court held a hearing on May 5, 2026 and for the reasons set forth herein and at the hearing, the Debtor's Motion is denied.

II.     Jurisdiction

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a).

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "section (number)."

1

III.    Background and Procedural History

The Debtor filed for chapter 13 relief under the Bankruptcy Code on April 13, 2026 ("Petition Date"). The Debtor's bankruptcy petition signed under penalty of perjury listed his residence as 107 Barbara Ln, Levittown, NY 11756 (the "Property") in Nassau County. [ECF No. 1.] The Debtor did not file any schedules or other required bankruptcy documents. The Debtor's creditors mailing matrix listed only 2 entities – 1) Blue Ridge Family Trust with an address of 107 Barbara Ln, Levittown, NY 11756, the same as the address listed as the Debtor's purported residence, and 2) M & T Services at 1825 Bedford Ave, Brooklyn, YN (sic) 11225. [ECF No. 1.] Attached to the petition and the creditors mailing matrix is a notice of a foreclosure sale of the Property scheduled for April 15, 2026. Debtor also filed an *Initial Statement About An Eviction Judgment Against You* (Official Form 101A) certifying under penalty of perjury that he rents his residence and his landlord, Blue Ridge Family Trust, has obtained a judgment for possession in an eviction or similar proceeding against him to possess his residence. [ECF No. 4.]

It is undisputed that the Debtor filed for bankruptcy to implicate the automatic stay under section 362(a) so as to stay the foreclosure sale of the Property scheduled for April 15, 2026. Bank of America received notice of the Debtor's bankruptcy filing but nevertheless proceeded with the foreclosure sale.

a.  *The Note and Mortgage, and Transfer of Title to the Property*

Sulaiman Haqq executed a note and mortgage dated April 9, 2008 in favor of Bank of America. See Opposition [ECF No. 21]. There was a default on the note and Bank of America commenced a foreclosure action. A Judgment of Foreclosure and Sale was entered on March 6, 2019 ("Judgment"). *Id.*

Title to the Property was transferred from Sulaiman Haqq to Y&S Services, Inc. by deed dated April 15, 2013 and recorded on March 23, 2015. The deed was signed by Sulaiman

Haqq by Yolonda Martin allegedly as Attorney in Fact. The Property was then transferred from Y&S Services, Inc. to Yolanda J. Martin by deed dated May 22, 2019 and recorded on May 23, 2019. *Id.*

  b. *Multiple Bankruptcy Filings*

  After acquiring the Property, Ms. Martin filed five bankruptcy petitions in this Court to stay the foreclosure sale of the Property. She first filed for relief under chapter 13 of the Bankruptcy Code on June 3, 2019, case number 19-74007. The filing triggered the automatic stay under section 362(a) and stayed the foreclosure sale of the Property scheduled for June 4, 2019. On motion of the Chapter 13 Trustee, this first bankruptcy case was dismissed on August 29, 2019. Ms. Martin then filed her second bankruptcy case on October 28, 2019 under chapter 7 of the Bankruptcy Code, case number 19-77397, thus automatically staying the foreclosure sale of the Property scheduled for October 29, 2019. Ms. Martin received a discharge in her chapter 7 case on February 10, 2020.

  Yolanda Justina Martin aka Yolanda Justina De La Rosa filed her third bankruptcy case on May 31, 2024 under chapter 13 of the Bankruptcy Code, case number 24-72104. During that case, on July 18, 2024, Ms. Martin filed a contract of sale dated May 31, 2024 with respect to the Property between Blueridge Family Trust (Trustee) Stephanie McLachlan, as seller, to Nilson De Larosa, Walter Donaldson and Justina Valentine, as purchasers. The contract is signed by Courtney T. Lemmons as Trustee on behalf of the seller. This third bankruptcy case was dismissed on the Chapter 13 Trustee's motion on November 29, 2024.

  Yolanda Justina De La Rosa aka Yolanda Justina Martin filed her fourth bankruptcy case under chapter 13 of the Bankruptcy Code on February 24, 2025, case number 25-70733, which automatically stayed the foreclosure sale of the Property scheduled for February 26, 2025. That case was dismissed on June 27, 2025 on the Chapter 13 Trustee's motion.

Undeterred, Yolanda Justina De La Rosa aka Yolanda Justina Martin filed her fifth bankruptcy case under chapter 13 of the Bankruptcy Code on September 11, 2025, case number 25-73526,[2] seeking to stay the foreclosure sale of the Property scheduled for September 15, 2025. That case was also dismissed on the Chapter 13 Trustee's motion on January 26, 2026. On February 6, 2026, Ms. Martin filed a motion to reinstate her bankruptcy case, vacate the dismissal order and reimpose the automatic stay ("Motion to Reinstate").  On the same date, she filed an appeal of the dismissal order to the United States District Court for the Eastern District of New York ("District Court") and a motion seeking a stay of any foreclosure sale of the Property pending appeal. This Court denied the Motion to Reinstate and the motion for stay pending appeal pursuant to an Order dated April 3, 2026. The District Court entered a Memorandum and Order dated April 9, 2026 denying the motion for a stay pending appeal.

Having filed two prior bankruptcy cases within the preceding one-year period that were dismissed, another bankruptcy filing by Ms. Martin before June 28, 2026 would not implicate the automatic stay under section 362(a).[3] Accordingly, the Debtor filed his chapter 13 case on April 13, 2026 believing that the filing would stay the foreclosure sale scheduled for April 15, 2026.

c.  *The Motion*

Upon learning that the foreclosure sale occurred, the Debtor filed the Motion seeking an *ex parte* order (1) finding the lender and its agents willfully violated the automatic stay under section 362(a); (2) declaring the foreclosure sale conducted on April 15, 2026 null and

---

[2] Although not raised by any party, pursuant to section 362(c)(4) of the Bankruptcy Code, the automatic stay did not go into effect on Ms. Martin's fifth bankruptcy filing on September 11, 2025 as Ms. Martin had two prior bankruptcy cases that were dismissed within the preceding one-year period - case number 24-72104 was dismissed on November 29, 2024 and case number 25-70733 was dismissed on June 27, 2025. Ms. Martin did not file any motion to impose the automatic stay contemporaneous with her fifth bankruptcy filing.

[3] See 11 U.S.C. § 362(c)(4).

void; (3) imposing sanctions pursuant to section 362(k); and (4) enjoining any transfer, enforcement or eviction actions. [ECF No. 8.] The Court entered an Order dated April 17, 2026 scheduling a hearing for May 5, 2026. [ECF No. 11.]

Not satisfied with the Court's scheduling order which simply scheduled a hearing on his Motion, the Debtor filed on April 17, 2026, an *ex parte* emergency motion for a temporary restraining order and interim relief pending the May 5, 2026 hearing to prevent the lender from recording the deed, transferring title, encumbering the Property or initialing or continuing any eviction or dispossess proceeding prior to the hearing. [ECF No. 13.] The Court entered an Order on April 20, 2026 denying the Debtor's April 17th emergency motion for a temporary restraining order. [ECF No. 20.] Not satisfied with the Court's April 20th Order, the Debtor filed another emergency motion on April 25th seeking an order (i) declaring the foreclosure sale to be void; (ii) finding that the lender and its agents willfully violated the automatic stay under section 362; (iii) imposing sanctions; and (iv) enjoining any transfer, recording or disposition of the Property. [ECF No. 19.] Finding the April 25th emergency motion to be duplicative of the Motion filed on April 16th, the Court entered an order on April 27th marking off the April 25th emergency motion. [ECF No. 20.]

### d. The Opposition

In its Opposition, Bank of America noted that the Debtor is not a borrower under the note and mortgage, and did not guarantee the debt owed to the mortgagee. Bank of America also points out that the Debtor is not a party to the foreclosure action or the Judgment and is not an owner of the Property. Bank of America proceeded with the foreclosure sale of the Property on the premise that there would be no violation of the automatic stay triggered by the Debtor's bankruptcy filing where a debtor is not a defendant in the foreclosure action, not a guarantor of any debt owed to the foreclosing party, and not the owner of the property. Bank of America argued that any possessory interest the Debtor may have would be

addressed separately in any action commenced under N.Y. REAL PROPERTY ACTIONS AND PROCEEDINGS LAW § 713(5) and Bank of America has not taken any action vis-à-vis the Debtor thus far.

### e. *The Debtor's Reply*

The Debtor raises for the first time in his Reply, [ECF No. 23], that he has "fiduciary, beneficial and equitable interests in the subject Property through his role as Co-Trustee and beneficiary of Blue Ridge Family Trust". *Id.* Debtor states that Blue Ridge Family Trust was created on February 12, 2023 and that he became Co-Trustee and beneficiary of the Trust on March 29, 2023.[4] *Id* The Debtor claims that the Trust was deeded the Property on May 30, 2024 and that a contract of sale was executed on May 31, 2024. *Id.*

There is no trust document attached to the Reply other than a "Certificate of Trust with Real Property as Part of the Corpus" dated March 29, 2023 ("Certificate"). The Certificate lists Yolanda Martin, with a mailing address of 608 Thomas Boyland Street, Brooklyn, NY 12212, as the Grantor of the Property. While the Certificate lists Courtney T. Lemmons and Mark Fraser as Co Trustees, the Certificate is signed by Courtney T. Lemmons and Yolanda Martin, and not by the Debtor. The Certificate also lists an address of 716 Cumberland Street, Raleigh, NC 27610 for the Trustee. Attached to the Certificate is an "Exclusive Right to Sell Listing Agreement" dated October 31, 2023 executed only by the broker and Courtney T. Lemmons, (trustee) Blueridge Family Trust for the Property. It is not signed by the Debtor as co-trustee or otherwise.

---

[4] If the Debtor is a trustee of the Blue Ridge Family Trust, this would mean the Debtor obtained a judgment of possession seeking to evict himself from the Property. As discussed above, the Debtor's bankruptcy petition and *Initial Statement About An Eviction Judgment Against You*, both signed by the Debtor under penalty of perjury, stated that Blue Ridge Family Trust was his landlord and it had obtained a judgment of possession against him to possess his residence.

6

*f. Additional Filing by Debtor*

On May 5, 2026, the Debtor filed a Notice of Correction to Debtor's Petition [ECF No. 25], seeking to clarify that he was previously a renter of the Property but that on March 29, 2023, he became Co-Trustee of the entity holding title to the Property and that he is a 30% beneficial and equitable owner through Blue Ridge Family Trust.

The Court held an evidentiary hearing on May 5, 2026 ("Hearing")[5] at which the Debtor appeared *pro se*, and Saul Leopold, Esq. of Leopold & Associates appeared on behalf of Bank of America.

IV.    Discussion

Based on the record placed before the Court, there is and can be no dispute that the Debtor does not hold legal title to the Property as he is not the owner. He was not an obligor under the note and mortgage, he did not guarantee the obligation under the note, and he was not a party to the foreclosure action nor the Judgment.

As the Debtor stated in the Notice of Correction to Debtor's Petition he filed with the Court, he is also not a renter or tenant at the Property. The Debtor admitted at the Hearing that the Property is not his primary residence. May 5, 2026 Transcript ("Tr.) 29:20 [ECF No. 28]. Debtor stated "[a]t this time my primary residence is in Brooklyn." Tr. 30:7-8.  Thus, the Debtor also does not have any possessory interest in the Property even though he listed the Property on his petition as his residence under penalty of perjury and filed documents indicating that he rented the Property from Blue Ridge Family Trust.

To the extent the Debtor claims that he has an ownership interest in the Property as a Trustee of the Blue Ridge Family Trust, the Debtor has not submitted any documentary

---

[5] Pursuant to E.D.N.Y. LBR 9014-2, the first scheduled hearing in a contested matter will not be an evidentiary hearing unless, among other things, the motion requests emergency relief and is made at the commencement of the case. Because the Debtor's Motion sought emergency relief and was filed within days of the Petition Date, the Hearing constituted an evidentiary hearing on the matters set forth in the Motion.

7

evidence in admissible form demonstrating that: (i) Blue Ridge Family Trust exists, (ii) Blue Ridge Family Trust is the owner of the Property, (iii) the Debtor is a Co-Trustee, and (iv) the Debtor is a designated beneficiary of the Trust or that he has an equitable interest in the Property.[6] All documents attached to the Debtor's Reply appear to be signed by Courtney T. Lemmons as Trustee. Those same documents and the contract of sale do not refer to Courtney T. Lemmons as a Co-Trustee with another individual. The Certificate the Debtor attached to his Reply does not show that the Debtor is a beneficiary of the Blue Ridge Family Trust and the Certificate is not signed by the Debtor. Furthermore, as Bank of America noted, in the bankruptcy schedules filed by Yolanda Martin in her last bankruptcy case (case number 25-73526) on September 11, 2025, Ms. Martin declared under penalty of perjury that she is the sole owner of the Property. This contradicts the representations made by the Debtor that Blue Ridge Family Trust has been the owner of the Property since 2024.

Generally, the filing of a bankruptcy petition by a debtor implicates the automatic stay under section 362(a), which stays most actions against the debtor and against property of the debtor's bankruptcy estate. Specifically, section 362(a) provides, in relevant part, that the filing of a bankruptcy petition operates as a stay against:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . .

11 U.S.C. § 362(a).

---

[6] In the Debtor's prior bankruptcy filing under case no 23-74540, the Debtor stated in his Schedule A/B that he is the holder of an option to purchase the Property, which appears to contradict the representations made in this case. There is no evidence that the Debtor holds an option to purchase the Property.

8

Here, section 362(a)(1) does not apply as Bank of America has not commenced, nor is it continuing, an action or proceeding against the Debtor with respect to the Property, and is not seeking to recover a claim against the Debtor that arose before the filing of the Debtor's bankruptcy case. As stated earlier, the Debtor is not a party to the foreclosure proceeding, and it bears repeating that the Debtor is not an obligor under the note and mortgage, not an owner of the Property, and not a tenant residing at the Property. Section 362(a)(2) also does not apply because Bank of America is not seeking to enforce the Judgment against the Debtor as he is not a defendant in the foreclosure action and Bank of America has not asserted a claim against the Debtor.

Furthermore, there is no evidence in the record that the Property is property of the Debtor's bankruptcy estate. Section 541(a) provides, in relevant part, that property of the bankruptcy estate comprises of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Here, there is nothing in the record showing that the Debtor had a legal or equitable interest in the Property as of the commencement of his bankruptcy case. Any claim that the Debtor has any such interest is contradicted by the undisputed record. The Debtor admittedly is not an owner of the Property and, because the Debtor did not reside at the Property at the time he filed his bankruptcy case, there is nothing in the record to support any claim that he had a possessory interest in the Property.

Even if the Debtor is a Trustee of the Blue Ridge Family Trust as he claims, putting aside, for purposes of discussion, (i) the conflicting information as to who is the actual owner of the Property – Yolanda Martin or the Blue Ridge Family Trust, and (ii) the absence of any documentary evidence to support the claim that the Debtor is a co-trustee of the Blue Ridge Family Trust, section 541(b)(1) specifically excludes from property of the estate "any power that the debtor may exercise solely for the benefit of an entity other than the debtor". 11

9

U.S.C. § 541(b)(1). Thus, a bankruptcy estate does not include property that a debtor holds as trustee of a trust. *See U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.10 (1983) (noting that "Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."). And again it bears repeating that no trust document was presented to the Court describing the Blue Ridge Family Trust or the beneficiaries of the Blue Ridge Family Trust, and there is no evidence in the record that the Debtor himself is a beneficiary of the Blue Ridge Family Trust.

Thus, the Court finds that the Debtor's bankruptcy filing on April 13, 2026 did not stay the foreclosure sale of the Property conducted on April 15, 2026. The Debtor has failed to demonstrate that the foreclosure sale of the Property by Bank of America violated any stay that came into effect under section 362(a) as to the Debtor or any property of the Debtor's bankruptcy estate. Indeed, that may very well explain the Debtor's repeated *ex parte* motions for a temporary restraining order or an order voiding the foreclosure sale even before the Court held the Hearing on the Debtor's Motion as the Debtor clearly did not believe that his bankruptcy filing implicated the automatic stay.

V.    Conclusion

For all the foregoing reasons, and for the reasons set forth on the record made at the Hearing, the Debtor's Motion is denied.

So Ordered.

Dated: July 30, 2026
        Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge

10